Peter L. Cianchetta, SBN 220971
Law Office of Peter Cianchetta
8830 Elk Grove Blvd.
Elk Grove, CA 95624
Voice (916) 685-7878
Fax (916) 685-3662

Attorney for Debtor:
DIANE L TOELLNER

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No.: 2010-24624 |
|---|---|
| DIANE L TOELLNER | Mtn. Ctrl. No. PLC-02 |
| | Hearing Date: July 6, 2010 |
| | Time: 9:32 AM |
| | The Honorable Thomas C. Holman |
| ,Debtor | Courtroom 32 - Dept B |

## MOTION TO VACATE DISMISSAL

TO: THE TRUSTEE, JAN P. JOHNSON, THE UNITED STATES TRUSTEE ALL, ALL CREDITORS, AND TO ALL OTHER INTERESTED PARTIES:

Pursuant to Federal Rule of Bankruptcy Procedure 9024 (FRCP Rule 60), DIANE L TOELLNER, Debtor and Petitioner herein, by and through her attorney, Peter Cianchetta, hereby move the Court for an order VACATING THE ORDER OF DISMISSAL.

1. Petitioner is the Debtor in the above captioned bankruptcy case, having filed her Petition for relief in Chapter 13 on February 26, 2010, Trustee, Jan P. Johnson, has duly been appointed to serve as trustee.

2. The first meeting of creditors under Chapter 13 was held on April 15, 2010.

3. On April 20, 2010, Trustee, Jan P. Johnson, filed an objection to Confirmation of Plan set to be heard May 11, 2010.

4. On May 11, 2010, the Court issued a Minute Order conditionally denying Trustee's Motion to Dismiss Case unless an Amended Plan was not filed by June 1, 2010.

5. Debtor's counsel, the undersigned, appeared telephonically at said hearing and mis-calendared the deadline to file the Amended Plan and Motion to Confirm Amended Plan to June 8, 2010. See Declaration of Peter Cianchetta.

6. Debtor Filed and Served her Amended Chapter 13 Plan and Motion to Confirm Chapter 13 Plan on June 8, 2010.

7. On June 8, 2010, the Court issued a formal Order conditionally denying Trustee's Motion to Dismiss Case unless an Amended Plan was not filed by June 1, 2010.

8. Trustee, Jan P. Johnson's staff filed a declaration stating that the Debtor had not filed an Amended Chapter 13 Plan and Motion to Confirm Amended Chapter 13 Plan by June 1, 2010.

9. On June 17, 2010 this Court entered an Order Dismissing Case.

Federal Rule of Civil Procedure 60(b) allows a final judgment to be vacated on the basis of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. Proc. 60(b)(1), or for "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b)(6). A motion to vacate under Rule 60(b)(1) must be brought within a year of the judgment being entered—a deadline easily met in this case. A motion under Rule 60(b)(6) is subject to no hard and fast deadline; the motion must simply be "made within a reasonable time," Fed. R. Civ. Proc. 60(c)(1), a deadline also met in this case.

The judgment in this case is the very definition of "surprise", or at the very least of "excusable neglect." As set forth in the declaration of the undersigned, the dismissal of this case was a

surprise because the undersigned believed that the Amended Chapter 13 Plan and Motion for confirmation were timely filed and served.

"[T]he Supreme Court has made clear, excusable neglect covers cases of negligence, carelessness and inadvertent mistake and that it is a general equitable rule, not necessarily reserved for extraordinary circumstances, and takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,</u> 507 U.S. 380, 395 (1993)

"The factors recited in Pioneer were not exclusive, but that they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." <u>Bateman v. US Postal Service</u>, 231 F. 3d 1220 (9th. Cir 2000)

The Equitable analysis laid out in *Pioneer* and *Briones* include: the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

### THE DANGER OF PREJUDICE TO THE DEBTOR

In the instant case, the Debtor is the moving party and the prejudice to the Debtor is great. The Debtor filed another Chapter 13 case pro se prior to engaging counsel to file the instant case, both cases were filed within one year and therefore the Debtor will not be entitled to an automatic stay upon filing a third case. If the analysis of prejudice is applied to the creditors, the impact is minimal. The Debtor has made all payments payable under the initial Chapter 13 plan in the amount of 1089.11. The Amended Chapter 13 plan filed on June 8, 2010 requires a payment of $934.22 which debtor is capable of paying as evidenced by her prior payments under the initial plan. A viable Amended Chapter 13 plan was filed along with a Motion to Confirm said plan on June 8, 2010.

**THE LENGTH OF THE DELAY AND ITS POTENTIAL IMPACT ON JUDICIAL PROCEEDINGS**

The delay in filing was one week, seven days. The potential impact on the judicial proceedings is minimal, the Order Confirming Plan will be delayed by seven days.

**THE REASON FOR THE DELAY, INCLUDING WHETHER IT WAS WITHIN THE REASONABLE CONTROL OF THE MOVANT**

As set forth in the declaration of the undersigned, the reason for the delay was the deadline was calendared in error. Rather than calendaring the deadline to file an Amended Chapter 13 Plan and Motion to Confirm Chapter 13 Plan on June 1, 2010, the undersigned calendared it on June 8, 2010. The filing of the required documents was within the reasonable control of the movant through her counsel, however the delay was due to the calendaring of the deadline in error and the movant relied on the incorrect deadline.

**WHETHER THE MOVANT ACTED IN GOOD FAITH**

The Movant acted in good faith as demonstrated by filing the Amended Chapter 13 Plan and Motion to Confirm Amended Chapter 13 Plan on the deadline to do so calendared by movant.

WHEREFORE, Debtor and Petitioner herein respectfully request that this Court Vacate the Order of Dismissal.

Respectfully Submitted,

Dated: June 21, 2010          By: _____
                                  PETER CIANCHETTA